FRANK HARDING, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Action for the wrongful removal of a passenger from a railroad car — right to recover damages for injuries to feelings.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought by the plaintiff to recover damages resulting from his being wrongfully put off one of the defendant's trains by the conductor thereof.

The plaintiff's evidence tended to prove that the conductor was aggressive and insulting; that he called him a dead beat and accused him of trying to ride from Belmont to Wellsville without paying his fare; that he was injured considerably by being jerked around in the train; that he was sore across the back where he struck the car seat; that he felt the injury four or five weeks.

At the close of the case the plaintiff's counsel stated : " I understand the court to charge that if the plaintiff is entitled to recover, he is entitled to recover compensatory damages—his actual damages. I wish further that the jury may be instructed that actual or compensatory damages include not only the actual injury to his person, money paid, loss of time, but, also, *the jury may take into account the injury to his wounded feelings.*"

" The COURT — Yes, I charge that."

The defendant's counsel then asked the court to charge that there was no evidence to show that the conductor acted maliciously or wantonly towards the plaintiff. The court declined so to charge, to which the defendant's counsel excepted. The defendant's counsel then asked the court to charge that there was no evidence justifying any verdict other than for actual damages. The court, in answer to this request, replied that depended upon the question of maliciousness on the part of conductor. The defendant's counsel excepted.

- The court, at General Term, said : " The question as to whether injury to the feelings may be taken into account in estimating com-

pensatory damages has been very ably discussed in the brief of the learned counsel for the defendant, his argument being that they cannot, *unless* such injury to the feelings resulted from bodily injuries. In *Hamilton* v. *Third Avenue Railroad Company* (53 N. Y., 25), the learned judge delivering the opinion states that such injury to the feelings may be taken into account in determining the amount of compensation. But a decision of the question was not involved in that case.

"In the recent case of *Quinn* v. *Long Island Railroad Company* (34 Hun, 332 ; 20 N. Y. Wk. Dig., 358), the question seems to have been decided in favor of the plaintiff's position. The judge delivering the opinion says : This precise question has not been decided in this State. In the case of *Ransom* v. *New York and Erie Railroad* (15 N. Y., 415), the Court of Appeals held that bodily pain and suffering of plaintiff from the injuries were proper subjects of compensation, and in deciding this case cited with approval *Segar* v. *The Town of Barkhamsted* (22 Conn., 290), where the instruction to the jury was that they had the right to consider all the circumstances of dangers and peril attending the accident.

" ' The conclusion of the appellate court in that case was that the injury is not confined to his wounds and bruises upon his body, but extends to his mental suffering.'

" But this question is not necessarily raised by the exception.

" The cases cited by the learned counsel for the defendant agree that whether there was mental anguish resulting from the injuries or not was a question for the jury, and if there was, plaintiff was entitled to be compensated for it. (*Matteson* v. *N. Y. C. and H. R. R. R.*, 62 Barb., 364 ; affirmed 35 N. Y., 487.) In this case the plaintiff's testimony tended to show that he received injuries. The charge excepted to is silent as to whether the injury to the feelings, which the jury were instructed they might take into account, were such as resulted from bodily injuries to the plaintiff, or from other causes. If such wounded feelings were produced by the bodily injuries, then the jury could legitimately consider them on the question of compensation.

" It must be assumed that the court charged in that sense, in the absence of anything to show that a more extended meaning was

intended. If the counsel for the defendant had asked the court to charge that wounded feelings could not be taken into consideration, unless they were produced by the bodily injury, and the court had refused that request, the question argued would have been presented.

"But a general exception to a charge so framed, so as to be proper in one sense, is not available. It must be made to appear affirmatively that it was erroneous. A failure to request the court to limit the application of the charge, makes the exception useless." (*Parsons* v. *Brown*, 15 Barb., 590; *Newman* v. *Cordell*, 43 id., 448, 459; *Bell* v. *McMaster*, 16 N. Y. Wk. Dig., 470, 472; *Booth* v. *Boston and Albany R. R. Co.* 73 N. Y., 38; *Distin* v. *Rose*, 69 id., 122.)

The judgment and order must be affirmed.

*E. C. Sprague*, for the appellant.

*Frank Harding*, for the respondent.

Opinion by CORLETT, J.

Present — BARKER, P. J., BRADLEY and CORLETT, JJ.; HAIGHT, J., not sitting.

Judgment and order affirmed.